GEORGE H. DRAKE, Appellant, *v.* CITY OF BUFFALO and Others, Respondents.

Fourth Department, April 1, 1927.

**Municipal corporations — city of Buffalo — resolution of common council authorizing funds for addition to general hospital, established under General Municipal Law, must be submitted to electors, under charter of city of Buffalo, § 31 — General Municipal Law, § 128, and Charter of City of Buffalo (Laws of 1914, chap. 217), § 31, construed and applied.**

A resolution of the common council of the city of Buffalo, authorizing funds to build an addition to a general hospital, established, operated and maintained pursuant to the General Municipal Law, must be submitted to the electors, pursuant to section 31 of the Charter of the City of Buffalo (Laws of 1914, chap. 217), although section 128 of the General Municipal Law, which provides " that all expenditures for new buildings or alterations, other than ordinary repairs, shall first be authorized by the governing board of  *  *  *  city," has been fully

complied with and the " governing board " of the city has duly authorized the expenditure.

Section 31 of the city charter did not have the effect of repealing any part of the General Municipal Law, although enacted subsequent thereto. Both statutes are valid and can be enforced together.

APPEAL by the plaintiff, George H. Drake, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 22d day of March, 1927, vacating and setting aside a temporary restraining order which restrained the defendants from holding an election, and denying a motion to make said temporary restraining order permanent.

The action is brought pursuant to section 51 of the General Municipal Law.

*Desbecker, Fish & Newcomb* [*Louis E. Desbecker, Walter C. Newcomb* and *William S. Rann* of counsel], for the appellant.

*Frederic C. Rupp, Corporation Counsel* [*Andrew P. Ronan* of counsel], for the respondents.

*Killeen & Sweeney* [*Henry W. Killeen, James O. Moore* and *Charles R. Sweeney* of counsel], for Edward E. Haley and others, petitioners intervening.

HUBBS, P. J. The General Municipal Law (§§ 126–135, as added by Laws of 1910, chap. 558) provided a complete plan for the establishment, operation and maintenance of public general hospitals. It provided in detail for the raising of funds for the repairing, altering and enlarging of such hospitals after their construction. Section 128 prescribed the powers and duties of the board of managers thereof and provided that " all expenditures for new buildings or alterations, other than ordinary repairs, shall first be authorized by the governing board of the  *  *  *  city." Under that statute the city of Buffalo erected a public general hospital, appointed a board of managers, and maintained and operated the same. The statute was amended by chapter 265 of the Laws of 1922.

Thereafter, by chapter 217 of the Laws of 1914, the Legislature enacted the Charter of the City of Buffalo for the commission form of government for the city of Buffalo, under which it is now governed. The board of managers petitioned the council for funds to build an addition to said hospital and the council duly passed a resolution authorizing the expenditure of $2,169,216. Within thirty days a petition was duly presented to the council, signed by the required number of electors, praying that said resolution be reconsidered and repealed, or that the council submit the

question of its approval to the electors of the city as provided in section 31 of the city charter. The council by resolution resolved to submit the question to the electors on April 19, 1927.

This is an action by a taxpayer to restrain the officers of the city from submitting the question to the electors. It is urged that section 128 of the General Municipal Law has been fully complied with, and that the " governing board " of the city has duly authorized the expenditure and that, therefore, there is no legal justification for submitting the matter to the electors of the city.

It is earnestly contended that the maintenance of a public general hospital is a State governmental function the same as the maintenance of schools, and that the only statute applicable is the General Municipal Law. In so far as the question of a referendum is concerned, that was the only law applicable prior to January 1, 1916, when the commission form of charter became operative. When that charter went into effect and became operative, a right of referendum was given by section 31 (as amd. by Laws of 1916, chap. 260, and Laws of 1919, chap. 133) which reads in part as follows: " No resolution of the council, appropriating money other than for the regular payrolls or to meet any legal obligation of the city, and no resolution incurring or providing for the incurring of any expenses, other than for repairs immediately necessary, which shall be so stated in the resolution, and no resolution disposing of any property or rights of the city, shall become effective until thirty days from its adoption; and its operation shall be suspended, and it shall be reconsidered and submitted to the electors."

That section did not have the effect of repealing any part of the General Municipal Law. Such an expenditure as the one in question must still be authorized by the " governing board; " but section 31 of the charter, passed after the General Municipal Law was enacted, provided, so far as the city of Buffalo is concerned, that the action of the " governing board " or council was subject to review by referendum. The Legislature undoubtedly had authority to enact that additional requirement applicable to the city of Buffalo without affecting in any way the provisions of the General Municipal Law. Both statutes are valid, harmonious and consistent, and can be enforced together, giving full force and effect to each, as the law requires. We can see no analogy between the Education Law (§ 875, subds. 2, 3, as added by Laws of 1917, chap. 786; Id. § 877, subd. 8, as added by Laws of 1917, chap. 786) and that part of the General Municipal Law which permits the building and maintenance of a public general hospital. One is compulsory and the other is permissive. Neither is the argu-

ment persuasive that the Legislature did not intend to permit the electors of the cities of the first and second classes to vote upon the question, while permitting the electors of cities of the third class and other municipalities to so vote. It is true that the General Municipal Law so provides, but there is no reason why the Legislature at a later date could not provide for voting by the electors of the city of Buffalo as it has done by section 31 of the charter.

It may be conceded that public health, like education, is the concern of the State. To care for it is a governmental as opposed to a purely municipal function.

But certain of the State's duties in matters of public health are by it intrusted to the agency of local authorities.

By the Charter of the City of Buffalo the State empowered the council of that city to act not only in purely municipal matters, but also, as its agent, in various governmental matters including public health. In dealing with public health under that grant of power, there is no reason to suppose that the council can act without reference to the general provisions of the charter which control its procedure and limit its power. For instance, the provisions of section 31 would apply.

But permissive power to establish and maintain a public general hospital, which is another phase of public health administration, is also granted to the council by the General Municipal Law.

That law was in existence when the Charter of the City of Buffalo was granted. Why then differentiate the procedure and power of the council when it acts as agent of the State in matters of public health under the charter and when it acts in a similar manner under the General Municipal Law? If legislative policy subjected the power of the council to the limtations of section 31 of the charter in the one case, it is reasonable to suppose, in the absence of any indication to the contrary, that the same limitations were intended to apply in the other.

In dealing with matters of public health, whether under the charter or under the General Municipal Law, the council acts as the agent of the State. But the manner of its acting and the limitations on its action are found in the law of its being which, it seems reasonably clear, applies in both cases. The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Order affirmed, with ten dollars costs and disbursements, as a matter of law and not in the exercise of any discretion.